**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 26 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BETTY JOHNSON,

      Plaintiff-Appellant,

vs.

PORTALES MUNICIPAL SCHOOLS,
and JIMMY SHEARER, School Board
President,

      Defendants-Appellees.

No. 97-2369
(D.C. No. CIV-97-53 JC/LFG)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **EBEL**, and **KELLY**, Circuit Judges.

      Plaintiff-appellant Betty Johnson appeals the district court's grant of
summary judgment in favor of Defendants-appellees on her claims that defendants
violated her procedural due process rights and conspired against her. Our
jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

      This matter arises from the termination of Mrs. Johnson by the Portales
School Board. The school board terminated Mrs. Johnson after a two day

---

      [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

hearing which lasted over eighteen hours.  At the hearing, Frank Albetta, the school board's attorney, acted as the hearing officer.  In this capacity, Mr. Albetta was required to rule on objections, evidence and discovery.  Both Mrs. Johnson and the school board were represented at the hearing.  At the conclusion of the hearing, the school board voted to uphold the Superintendent's recommendation to discharge Mrs. Johnson.

Three months later, the matter went to arbitration.  At this proceeding, attorney Frank Albetta represented the school board, and attorney Dan Lindsey represented Mrs. Johnson.  On August 31, after the testimony of one witness, the parties settled the matter.

We review the district court's grant of summary judgment de novo, applying the same standard as the district court.  Barney v. Pulsipher, 143 F.3d 1299, 1306 (10th Cir. 1998).  Summary judgment is appropriate "if there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The court considers all evidence and the reasonable inferences therefrom in the light most favorable to the nonmoving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

Mrs. Johnson contends that her pretermination hearing was inadequate and biased.  Specifically, she alleges that: (1) the hearing was biased because Frank

Albetta acted as the hearing officer, (2) Mr. Albetta's rulings regarding discovery issues denied her a fair opportunity to rebut allegations against her, and (3) Mr. Albetta not only acted as the hearing officer, but also gave advice to the school board and participated in the deliberations regarding her termination. We reject all of Mrs. Johnson's due process claims because she was accorded more than an adequate pretermination hearing.

To assess whether Mrs. Johnson was deprived of property without due process of law, we must determine: (1) if she possessed a property interest such that due process protections applied; and, if so, then (2) whether she was afforded an appropriate level of process. See Lancaster v. Independent School Dist., 149 F.3d 1228, 1234 (10th Cir. 1998) (citing Farthing v. City of Shawnee, 39 F.3d 1131, 1135 (10th Cir. 1994)). The parties do not dispute that Mrs. Johnson possessed a protected property interest. Rather, they dispute whether she was afforded an appropriate level of due process.

The Due Process Clause of the United States Constitution guarantees notice and an opportunity to be heard prior to the deprivation of a fundamental right. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985). In Loudermill, the Court held that a "tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Id. The Court

stressed that the pretermination hearing could be very limited, functioning as "an initial check against mistaken decisions–essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." Id. at 545-46.

N.M. Stat. Ann.§ 22-10-17 (Michie 1998 Repl. Pamp.) governs hearing procedures in the school setting. Under this statute, a school employee may be discharged only after the recommendation of the school superintendent. N.M. Stat. Ann.§ 22-10-17(A). Once an employee receives notice of the superintendent's intent to recommend discharge, she may exercise her right to a pretermination hearing before the local school board. N.M. Stat. Ann.§ 22-10-17(B). The hearing is similar to a trial, with both sides presenting evidence, examining and cross-examining witnesses, and introducing relevant documents. N.M. Stat. Ann. § 22-10-17(D)-(I).

Mrs. Johnson's reliance on In Re Murchison, 349 U.S. 133 (1955), and Pike v. Gallagher, 829 F. Supp. 1254 (D.N.M. 1993), is misplaced. Both of these cases are distinguishable from the case at bar. In Re Murchison involved a judge acting as a "one-man judge grand jury" in a contempt proceeding. See 349 U.S. at 134. The Court held that it was a due process violation for the same judge to preside at a contempt hearing and also serve as the one-man grand jury out of which the contempt charges arose. See id. at 139. Pike involved a post-termination hearing

- 4 -

where the "prosecutor" in the case also acted as a legal advisor to the board making the decision on termination. See 829 F. Supp. at 1273. The contexts of Murchison and Pike are quite different from the pretermination setting at issue in the instant case.

Here, the pretermination hearing was adequate because it complied with the requirements of Loudermill and N.M. Stat. Ann. § 22-10-17. Although Mr. Albetta, the school board's attorney, acted as a hearing officer, he merely acted as an advisor to the board and not as a "prosecutor" as Mrs. Johnson claims. The school board had its own attorney, Michael Worley, presenting its case, and Mrs. Johnson had her own attorney. In addition, the hearing lasted over eighteen hours, during which the school board heard witness testimony and examined documents. The pretermination hearing need not be scrupulously impartial as Mrs. Johnson contends; it only needs to give the employee "an explanation of the employer's evidence, and an opportunity to present [her] side of the story." Loudermill, 470 U.S. at 546. Mrs. Johnson participated in the hearing, presenting her own witnesses and documentary evidence, and thus the record does not support her interpretation of the facts. Her pretermination hearing, therefore, satisfies the requirements of Loudermill.

Moreover, New Mexico law affords Mrs. Johnson an opportunity for a full evidentiary hearing post-termination, before an impartial arbitrator, in which she

could challenge the alleged bias and the accuracy of the charges against her. <u>See</u> N.M. Stat. Ann. § 22-10-17.1(A) (Michie 1998 Repl. Pamp.). Mrs. Johnson took advantage of this opportunity but settled the arbitration after one witness was called. Nonetheless, the availability of the post-termination proceeding is an important factor in our decision that she has not shown the pretermination hearing to be constitutionally inadequate. <u>See</u> <u>Loudermill</u>, 470 U.S. at 546-48.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge